IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBBIE K. RUFFIN, | ) | CASE NO. 3:09 CV 2143 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is the defendant Commissioner of Social Security's motion to reverse the final decision of no disability and to remand this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).[2]  Plaintiff Debbie Ruffin opposes the motion, arguing first that the Commissioner's final decision of no disability should be reversed without a remand, and that Ruffin then be found disabled and awarded benefits.[3] Alternatively, Ruffin seeks reversal of the decision and a remand with a rehearing.[4]

For the reasons that follow, I will recommend granting the Commissioner's motion to remand the case for further proceedings.

---

[1] The matter was referred to me under Local Rule 72.2 by non-document entry dated September 16, 2009.

[2] ECF # 21.

[3] ECF # 22.

[4] *Id*.

**Facts**

The facts relevant to the present motion are not complex.  Essentially, as the Commissioner acknowledges[5] and Ruffin details in her brief,[6] the Administrative Law Judge (ALJ), employing the well-known five-step process, found:

| | |
|---|---|
| Step One | Ruffin had not engaged in substantial gainful activity since May of 2003, the alleged onset date; |
| Step Two | Ruffin had four "severe" impairments – back disorder, osteoarthritis of the right knee, depression and anxiety; |
| Step Three | Ruffin, with those impairments, or any combination thereof, did not meet or equal a listed impairment; thus, a residual functional capacity finding was made that Ruffin was limited to sedentary, unskilled work; |
| Step Four | Ruffin could not perform any past relevant work; and |
| Step Five | Using the grid as a "framework" and relying on the testimony of a vocational expert, Ruffin was not disabled because she could work as an order clerk or surveillance monitor – jobs that existed in significant numbers in the national economy.[7]  In that regard, the vocational expert testified that 2,750 such jobs existed,[8] while the ALJ found that 2,500 such jobs were present.[9] |

---

[5] ECF # 21 at 1.

[6] ECF # 18.

[7] *Id.* at 3-4 (citing record).

[8] ECF # 22 at 1 (citing record).

[9] ECF # 18 (citing record).

## Analysis

**A.     The arguments**

Ruffin's core contention here is that this Court should find Ruffin disabled at step five of the existing record, without requiring a remand.[10] In that regard, she makes three related assertions: (1) that the regulations specify that a claimant is to be found disabled at step five if she cannot perform a "significant number" of jobs in the national economy given the claimant's vocational profile and residual functional capacity; (2) that the vocational expert testified that at most 2,750 jobs were available to Ruffin in the national economy; and (3) that such an amount of jobs is not a "significant number" for purposes of the regulations.[11] Thus, based on the Sixth Circuit's teaching of *Faucher v. Secretary of Health and Human Services*,[12] Ruffin argues that the fourth sentence of § 405(g) permits this Court to find her disabled on the basis of a clear, existing administrative record.[13]

The Commissioner, in his motion, states that a remand is needed for three reasons: (1) to permit the ALJ to "assess [Ruffin's] depressive and anxiety disorders and discuss the correlating mental limitations;" (2) then, to "further assess [Ruffin's] maximum residual functional capacity;" (3) so that supplemental vocational expert testimony can be obtained

---

[10] ECF # 22 at 2-3.

[11] *Id.*

[12] *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171 (6th Cir. 1994).

[13] ECF # 22 at 3.

"discussing the impact of [Ruffin's] limitations on the number of jobs in the national economy."[14]

**B.    Standards of review**

*1.    Remand*

As the Sixth Circuit observed in *Faucher*, the fourth sentence of 42 U.S.C. § 405(g) authorizes reversal by the district court of a final decision of the Commissioner "with or without remanding the cause for a rehearing."[15] The rubric in this Circuit for determining whether to reverse a decision of the Commissioner without the requirement of a rehearing – and so to judicially grant benefits on the existing record – was stated in *Felisky v. Bowen*[16] as constituting two elements:  (1) "where the proof of disability is overwhelming or the proof of disability is strong and evidence to the contrary is lacking;" and (2) where "all essential factual issues have been resolved" and the existing "record adequately establishes a plaintiff's entitlement to benefits."[17]  "In all other instances[,] remand under the fourth sentence is required."[18]

---

[14] ECF # 21 at 1-2.

[15] *Faucher*, 17 F.3d at 174-75 (citing *Sullivan v. Hudson*, 490 U.S. 877, 880 (1989)).

[16] *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994).

[17] *Id*. at 1041 (citing *Faucher*, 17 F.3d at 176); *Wagner v. Comm'r of Soc. Sec.*, 2010 WL 3036763, at *6 (N.D. Ohio July 15, 2010).

[18] *Wagner*, 2010 WL 3036763, at *6 (citing *Faucher*, 17 F.3d at 175-76).

## *2.    Jobs in significant numbers*

In proceeding through the five-step analysis of disability, the Sixth Circuit has noted that "the burden of proof lies with the claimant at steps one through four of the process, culminating with a claimant's proof that she cannot perform her past relevant work."[19] If that burden is met, the burden of proof shifts to the Commissioner at step five to show that "other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.)."[20] The Commissioner can meet that burden by "proving that there is work available in the economy that the claimant can perform."[21]

To that end, it is within the province of the ALJ to rely on the testimony of a vocational expert as to the presence of work available to the claimant.[22] In so doing, a vocational expert's testimony can constitute substantial evidence in support of a finding by the ALJ that a claimant is capable of performing "a significant number" of jobs in the economy.[23] When an expert testifies that a "significant number" of jobs exists which the claimant is able to perform, "it is immaterial that the number is a small percentage of the total

---

[19] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

[20] *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

[21] *Her*, 203 F.3d at 391.

[22] *Underwood v. Comm'r of Soc. Sec.*, 2010 WL 424970, at * 13 (N.D. Ohio Jan. 22, 2010) (citing *Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988).

[23] *Id.* (citing *Bradford v. Sec'y of Dep't of Health & Human Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (*per curiam*)).

number of jobs in a given area," so long as the expert testimony "is in response to an ALJ's hypothetical question that accurately portray's a claimant's abilities."[24]

As regards the specific issue of determining whether the "particular number" of jobs identified by the vocational expert as available to the claimant is "significant," as is required by 20 C.F.R. § 404.1512(g), the Sixth Circuit in *Hall* observed initially that "we cannot set forth one special number which is to be the boundary between a 'significant number' and an insignificant number of jobs."[25] Rather, such a determination should be the result of considering many factors, such as the claimant's level of disability; the reliability of the vocational expert's testimony; the distance the claimant is capable of traveling to perform the work; the isolated nature of the jobs; and other factors.[26] Ultimately, *Hall* teaches that the determination as to whether a "significant number" of jobs are available to a claimant should be left to the fact finder's "common sense in weighing the statutory language as applied to a particular claimant's fact situation."[27]

**C.     Application of standards**

As is shown from uncontested facts, the determination by the ALJ that there were 2,500 jobs available to Ruffin was made without articulating any sort of analysis of the *Hall*

---

[24] *Id.*, (quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988); also citing, *Davis v. Sec'y of Health & Human Servs.*, 915 F.2d 186, 189 (6th Cir. 1990).

[25] *Hall*, 837 F.2d at 275.

[26] *Id.*

[27] *Id.*

factors, cited above, which would permit review of that determination in light of whether that number of jobs is "significant" under the meaning of the regulations.  Even though the law does permit the fact finder to make the final determination of what number of jobs may be significant, the law also mandates that such a determination be specific to the "particular claimant's fact situation" and that it be articulated so that it may be reviewed.  To that end, the *Hall* factors set out an analytical framework for probing the jobs suitable to the claimant, with such questions as where the jobs are located, whether the jobs are clustered in a few locations or isolated throughout a large region or the nation as a whole, and the claimant's ability to travel.

Here, because no *Hall* inquiry is part of the record, it cannot be concluded substantial evidence exists to support the determination that, in particular application to Ruffin, a significant number of jobs exists.  Thus, in such a circumstance where factual issues are unresolved, remand with a rehearing is appropriate.

## Conclusion

For the foregoing reasons, I recommend remanding this matter for further proceedings.  Specifically, the remand should include a direction that the ALJ articulate an analysis of the *Hall* factors in making any determination as to whether a significant number of jobs is available to Ruffin.  Moreover, as both Ruffin[28] and the Commissioner[29] agree, the

---

[28] ECF # 22 at 4.

[29] ECF # 21 at 2.

remand should also include a reassessment of Ruffin's depressive and anxiety disorders. Such reassessment may then entail additional testimony as to how any additional limitations affect residual functional capacity and available employment.

Dated: August 31, 2011                              s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[30]

---

[30] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).